## SUPREME COURT.

### John Alexander agt. Cynthia H. Shillaber.

*Married woman — Complaint — Demurrer— When rule of lex loci contractus applies.*

In an action against a married woman to recover, for alleged breach of contract by her to sell mining property in the territory of Arizona, a defense set up by her that, according to the laws of Arizona, her interest in the mine was subject to the absolute control of her husband is insufficient in law, it not appearing by the pleadings that defendant is a resident of Arizona, and the contract having been made in the city of New York.

*Special Term, December*, 1882.

Demurrer to complaint.

*Arthur Thurber*, for demurrer.

*Cook & Fitzgerald*, opposed.

Larremore, *J.*— The plaintiff in his complaint avers that the defendant was the owner in her own right of an interest in the profits and proceeds of sale of a certain mine known as the "Silver Prince Mine," in Peck Mining District, in the territory of Arizona. That Jessie Benton Fremont was the agent of the defendant to sell such interest. That an agreement was made at the city of New York, February 5, 1880, by said agent with the defendant, for the purchase and sale of one-eighth part of such interest for the sum of $25,000, upon the payment of which sum the defendant agreed to execute and deliver to the plaintiff a proper deed or transfer of said interest. That the sum above named was paid in pursuance of the agreement, all the conditions of which the plaintiff has fully performed. That the defendant has failed and refused to execute the same, notwithstanding plaintiff's demand. He asks judgment for the amount paid by him with interest and costs of suit.

The defendant, in answer to this complaint, alleges that prior to the agreement of February 5, 1880, Jessie Benton Fremont held a contract for the purchase of the mine for $40,000 which the defendant had assumed upon certain conditions, and of which the plaintiff had full knowledge.

For a separate defense the defendant pleads an act of the territory of Arizona, whereby the property of a married woman in said territory, except such as may be acquired by gift, bequest, devise or descent, shall be common property, of which the husband shall have entire management and control, with absolute power of disposition. That at the time of the pretended agency and alleged agreement with the plaintiff the defendant was a married woman; that her interests in the profits and proceeds of sale of the mine was acquired by her after her marriage, and was subject to the absolute control of her husband.

To this separate defense the plaintiff demurs as insufficient in law.

It does not appear by the pleadings that the defendant is a resident of the territory of Arizona. The contract was made at the city of New York, and the rule of *lex loci contractus* must apply (*Barry* agt. *Equitable Life Ass. Society*, 59 *N. Y.*, 587; *Newton* agt. *Bronson*, 13 *N. Y.*, 587).

The plaintiff is entitled to judgment upon the demurrer.